IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **NICHOLAS R. MIGNANO**,<br>1881 May Road<br>Mogadore, Ohio 44260<br><br>*and*<br><br>**CLOIE B. SHAFFER**,<br>1881 May Road<br>Mogadore, Ohio 44260<br><br>Plaintiffs,<br><br>*vs.*<br><br>**LIBERTY MUTUAL INSURANCE COMPANY,**<br>4199 Kinross Lakes Parkway Suite 200<br>Richfield, Ohio 44286<br><br>Defendant. | CASE NO.:<br><br>(Refiled case: 5:17-cv-306)<br><br>JUDGE:<br><br><br><br><br><br><br><br><br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiffs Nicholas R. Mignano and Cloie Shaffer ("Plaintiffs") state as their Complaint against Defendants Liberty Mutual Insurance Co. ("Defendant") as follows:

### INTRODUCTION AND PARTIES

1. This is a refiling of Case No. 5:17-cv-306.

2. This action arises from a fire that occurred on January 10, 2016, at the Plaintiffs' residence at 1881 May Road in the Village of Mogadore, County of Portage, and State of Ohio.

3. Plaintiffs are, and at all times relevant to the events described in this Complaint were, residents of said Village, County, and State.

1

4. Defendant is an entity based in Massachusetts, that transacts business and maintains offices and agents in the State of Ohio. It maintains an office in Richfield, Summit County, Ohio.

## FACTUAL ALLEGATIONS

5. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

6. Plaintiffs, who are husband and wife, reside together at 1881 May Road in Mogadore, Ohio, with their minor children.

7. Defendant issued a homeowners insurance policy to Plaintiffs under policy number H35-281-636377-40. A copy of said policy is not attached due to the number of pages; further, the parties already exchanged policies and policy information during fact discovery on the previously filed Complaint.

8. Said policy named the Plaintiffs as insureds and was in full force and effect at all times relevant to the events described in this Complaint.

9. Plaintiffs' property includes a separate garage which has been significantly improved by the couple.

10. The garage was always used for recreational purposes and for storage.

11. On January 10, 2016, the garage and its contents were destroyed in an accidental fire.

12. Plaintiffs timely submitted their claim to Defendant and abided by the terms of their contract, affording Defendant ample opportunity to investigate and compensate them for their loss and cooperating in all efforts to do so.

13. Defendant has failed and refused to compensate Plaintiffs for the building damage, claiming that their investigation revealed the garage was used for business purposes.

14. The garage was not used for business purposes, and there was no basis for this denial.

15. In addition to the Defendant's denial of the structural-damage claim, several items of personal property that were lost in the fire have yet to be fully compensated.

### FIRST CAUSE OF ACTION
### Breach of Contract

16. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

17. A valid contract existed between Plaintiffs and Defendant. Plaintiffs fully and timely paid their premiums at all times the contract was in effect.

18. The terms of the homeowners insurance policy require Defendant to compensate Plaintiffs for up to $37,610 worth of damage to the structure and $282,080 worth of personal property with replacement cost.

19. No exclusions to this coverage apply.

20. Defendant failed and refused to abide by the terms of the contract, including without limitation by failing to properly or fully investigate the loss, and by failing and refusing to compensate Plaintiffs for the loss.

21. As a result of this breach, Plaintiffs suffered damages including a delay in rebuilding the garage and the loss of use and enjoyment of their property.

### SECOND CAUSE OF ACTION
### Bad Faith

22. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

23. Defendant owes and owed Plaintiffs a duty of good faith and fair dealing.

24. In its handling, investigation, and compensation of Plaintiffs, Defendant acted with intent, without lawful basis, and/or without reasonable justification.

25. On information and belief, Defendant engaged in a rushed, sloppy investigation; failed to consider the evidence; and denied Plaintiffs' claim as part of an effort to protect its own bottom line, without regard for its duty of good faith and fair dealing.

26. As a result of Defendant's breach of its duty to act in good faith, Plaintiffs have suffered damages including those enumerated in the first cause of action as well as well as distress, and are entitled to punitive damages, costs, and attorney fees.

### THIRD CAUSE OF ACTION
### For Declaratory Judgment  (R.C. 2721.02)

27. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

28. Plaintiffs are entitled to declaratory relief adjudging their rights, benefits, and coverage under the policy issued by Defendant.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully ask this Court for the following:

a. A declaration that Plaintiffs are entitled to the rights, benefits, and coverage provided under Defendant's policy for the losses incurred as a result of the fire;

b. Judgment against Defendant for compensatory damages;

c. Judgment against Defendant for punitive damages;

d. Judgment against Defendant only for court costs and attorney fees; and

e. Interest, as provided by law.

Respectfully submitted,

/s/ Rebecca J. Sremack
Rebecca J. Sremack #0092313
William M. Sremack #0006832
Sremack Law Firm LLC
2745 South Arlington Road
Akron, Ohio 44312
Office: (330) 644-0061

Fax: (330) 644-7241
info@sremacklaw.com
*Counsel for Plaintiffs*